## Cuneo, Appellant, v. Bucks County.

*State   highways — Construction — Damages — Appointment of viewers—Release by petitioner.*

A petition for the appointment of viewers to assess damages to a landowner, caused by the construction of a state highway, is properly dismissed, where it appeared that the petitioner had executed a release in full to the county commissioners, and there was no allegation of fraud or misconduct in procuring the same.

Argued November 19, 1923.   Appeal, No. 278, Oct. T., 1923, by plaintiff, from judgment of Q. S. Bucks Co., making absolute rule to strike off appointment of viewers in the case of Joseph A. Cuneo v. The County of Bucks.   Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Affirmed.

Petition under Act of July 18, 1917, P. L. 1040, for the appointment of viewers to assess damages.   Before RYAN, P. J.

Rule to dismiss petition and strike off appointment of viewers.

The facts are stated in the opinion of the Superior Court.

The court made absolute the rule.   Plaintiff appealed.

*Error assigned* was the decree of the court.

*John L. DuBois,* for appellant.

*Henry A. James,* for appellee.

OPINION BY TREXLER, J., February 29, 1924:

The plaintiff presented his petition for viewers under the Act of July 18, 1917, P. L. 1040, alleging inter alia that a strip of his land was taken in the change of the line of State Highway No. 178.   The court appointed viewers.   Subsequently, the county commissioners presented a petition alleging that as to the item of the land actually taken for the road, they held the petitioner's release for all damages.   He replied that the release was not a release of all damages, "that it was not executed as a release, but as a mere right-of-way," and before it was signed, it was explained by the person presenting it and by counsel of the commissioners that it was not a release and had nothing to do with damages, but was a mere right-of-way, that the contents were not understood by the signer and that he accepted the explanation of those who presented it for execution.   An inspection of the release shows that it is a release for all suits, damages, claims, and demands whatsoever for or by reason of the grade of said road or by reason of any change in the existing lines of said road.   If the petitioner presented facts which, if proven, would be sufficient to set aside the release, he should have his day in court, but there is

nothing in his answer to the rule to dismiss the petition and revoke the order appointing the viewers, that would be sufficient to set aside the release. He does not allege that it was induced by fraud, nor does he state why he did not read the release, but says he did not understand it. Whether he was illiterate or merely careless is not disclosed. The statement that the release was for a right-of-way was correct, as to the strip of land taken for the highway. The owner retains the title. As to the other items of damages they could not form the basis of a claim apart from the actual taking of land. See next preceding case. The court, therefore, was right in holding that the petitioner was bound by his release and that the proceedings had to fall.

The judgment of the court is affirmed.